United States District Court
Southern District of Texas
**ENTERED**
October 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOHN ALFRED GRIMES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:22-CV-12 |
| § | |
| BOBBY LUMPKIN *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is currently incarcerated in the Cotulla Unit of the Texas Department of Criminal Justice (TDCJ) (Dkt. No. 1). In March 2022, Plaintiff initiated this prisoner civil rights lawsuit and brought claims based on his unsuccessful requests for a bottom bunk assignment and "natural treatments" (*id.*). Because Plaintiff was proceeding *pro se*, the Court afforded Plaintiff multiple opportunities to supplement his pleadings with more detailed allegations (Dkt. Nos. 8, 14, 18, 20, 21, 23, 48). In fact, Plaintiff had approximately three months clarify his allegations and claims (*see id.*). In this time period, Plaintiff filed seven unmeritorious motions, which the Court denied (Dkt. No. 43).

Now pending before the Court are twelve motions (Dkt. Nos. 42, 47, 59, 60, 62, 63, 65, 66, 70, 71, 72, 73). For the reasons below, they are **DENIED**.[1]

---

[1] To facilitate a smoother reading experience, the Court will not address the motions in the order they were filed.

First, Plaintiff moves to join Jacob Earl Murphy as a required party under Federal Rule of Civil Procedure 19(a)(1) (Dkt. No. 59). Murphy is another TDCJ inmate (*see id.*).[2] In his motion, Plaintiff merely recites Rule 19(a)(1)'s language and does not explain how Murphy is related to the events alleged. Because the motion is general and conclusory, it is **DENIED**.

Second, Plaintiff moves to have the "appropriate officials . . . establish communications" with an unnamed "representative" and to have "Plaintiff's union with [Murphy]" be recognized (Dkt. No. 47). It also seems Plaintiff wishes to have Plaintiff's representative contact Murphy (*id.*). Because the Court cannot discern a legal basis for this request, it is **DENIED**.

Third, Plaintiff moves to be to be granted access to his "expense account" so he can withdraw money (Dkt. No. 60). Because the Court cannot discern a legal basis for granting this request, it is **DENIED**.

Fourth and fifth, Plaintiff moves to have the Court (1) "find his Faith Declaration Document sufficient evidence for this Court to move to establish law accordingly" and (2) determine Plaintiff's rights and obligations regarding his religious beliefs (Dkt. Nos. 62, 72). Again, the Court cannot discern a legal basis for these requests. These motions are **DENIED**.

Sixth, Plaintiff submitted a three-sentence motion to supplement his pleadings (Dkt. No. 65). The motion contains no factual allegations. It is **DENIED**.

---

[2] Based on TDCJ's public records, Murphy is currently incarcerated at TDCJ's Ellis Unit. *See Inmate Information Details – Jacob Earl Murphy (TDCJ No. 01805040)*, TEX. DEP'T CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05903582 (last accessed Oct. 18, 2022).

Seventh, Plaintiff moved for a preliminary injunction (Dkt No. 63). If granted, the preliminary injunction would compel prison officials to diagnose Plaintiff with attention deficit disorder (ADD) and treat his symptoms (*id.*). Preliminary injunctions are an extraordinary remedy and are never awarded as of right. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *NetChoice, LLC v. Paxton*, 49 F.4th 439, 447 (5th Cir. 2022). To obtain such relief, Plaintiff must make a clear showing that (1) his claim has a substantial likelihood of success on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities weighs in his favor, and (4) an injunction is in the public interest. *NetChoice*, 49 F.4th at 447. Plaintiff has not clearly satisfied the second prong. In his motion, Plaintiff merely alleges that he suffers from loss of concentration, forgetfulness, and confusion (Dkt. No. 42). On these threadbare statements, the Court cannot discern how he is likely to suffer irreparable harm. His motion for a preliminary injunction is therefore **DENIED**.

Eighth, Plaintiff filed what the Court construes to be another motion for a preliminary injunction (Dkt. No. 63). In the motion, Plaintiff avers that he was forced to disrobe in violation of his religious beliefs and subjected to hand restraints (*id.*). He seems to request that TDCJ officials refrain from searching him at all (*id.*). Assuming Plaintiff's motion is based on the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Court concludes Plaintiff is unlikely to succeed on the merits of these claims. *See* U.S. CONST. amend. I; 42 U.S.C. § 2000cc–1(a). To determine whether a preliminary

injunction should issue based on the Free Exercise Clause and RLUIPA, the Court must engage in a fact-intensive inquiry. *See Turner v. Collier*, No. 4:19-cv-4124, 2022 WL 4734828, at *8 (S.D. Tex. Sept. 30, 2022) (citing *Turner v. TDCJ*, 836 F. App'x 227, 230 (5th Cir. 2021)). Here, Plaintiff has not offered meaningfully detailed facts regarding his religious practices (Dkt. No. 63). Rather, he states that he believes in things unseen and implementing TDCJ's documentation procedure amounts to a "stone" in his belief system (*id.*). The Court does not question the sincerity of Plaintiff's belief system. Nonetheless, the general statements are insufficient. Without detailed facts about Plaintiff's religious practices, the Court is unable to determine whether there is a ready alternative to searching and restraining Plaintiff that is consistent with his religious practices and achieves TDCJ's penological objectives. *See Turner*, 2022 WL 4734828, at *4–6 (explaining elements for a free exercise claim). Nor can the Court determine whether TDCJ's practices are the least restrictive means of furthering its compelling interests. *Id.* (explaining elements for a RLUIPA claim). This request for a preliminary injunction (Dkt. No. 63) is therefore **DENIED**.

In his last four motions, Plaintiff asks the Court to consider Plaintiff's deteriorating focus and concentration (Dkt. Nos. 66, 70, 71, 73). Although these motions are variously styled—a motion for judgment, a motion to supplement pleadings, an emergency supplemental pleading, a "notice of supplemental pleading reasonable motion"—the Court construes them as motions to amend his pleadings to add a new claim. Federal Rule of Civil Procedure 15(a)(2) provides the applicable

standard: "[If Rule 15(a)(1) does not apply,] a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

Here, Rule 15(a)(1) does not apply. The Court therefore turns to Rule 15(a)(2). Because Defendants have not been served, they cannot provide written consent. As for the Court, it does not find the interests of justice require granting leave. The Court already afforded Plaintiff three months to add his ADD-related claims to this lawsuit (Dkt. Nos. 8, 14, 18, 20, 21, 23, 48). In that time period, Plaintiff did not do so.

Moreover, Plaintiff's numerous filings have "clog[ged] the judicial machinery with meritless litigation," which amounts to an abuse of "an already overloaded" docket. *Farguson v. Mbank Hous., NA*, 808 F.2d 358, 359 (5th Cir. 1986). His conduct veers into vexatiousness. In light of his litigation conduct, the Court will confine this lawsuit to Plaintiff's initial set of facts: his request for a bottom bunk assignment and his request for "natural remedies" (Dkt. No. 1). Plaintiff's requests to supplement his pleadings with ADD-related allegations (Dkt. Nos. 66, 70, 71, 73) are **DENIED**.

In light of the foregoing, the Clerk of Court is **ORDERED** to docket all future filings from Plaintiff in a miscellaneous action. The Court will then screen the filings and determine whether it will grant Plaintiff leave to have them considered in this civil case.

Plaintiff is hereby **NOTICED** that if he continues to submit frivolous filings, the Court may impose sanctions. Such sanctions may include fines or dismissal of this lawsuit. *See Bryson v. United States*, 553 F.3d 402, 403–04 (5th Cir. 2008)

5

(affirming dismissal where plaintiff was a serial filer and disobeyed court orders on numerous occasions).

It is so **ORDERED**.

**SIGNED** October 19, 2022.

_____
Marina Garcia Marmolejo
United States District Judge